IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TREVA HOUCHEN and** | § | |
| **LINDA CONWAY**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action. No. **3:08-CV-1251-L** |
| | § | |
| **THE DALLAS MORNING NEWS, INC**. | § | |
| **d/b/a THE DALLAS MORNING NEWS**, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court are: (1) Defendant[']s Motion for Summary Judgment, filed October 30, 2009; and (2) Objections to Evidence in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment, filed December 17, 2009. After carefully considering the motion, objections, record, and applicable law, the court **grants in part** and **denies in part** Defendant[']s Motion for Summary Judgment, and **overrules as moot** Objections to Evidence in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment.

**I.        Factual and Procedural History**

Plaintiffs Treva Houchen ("Houchen") and Linda Conway ("Conway") (collectively, "Plaintiffs") filed their Complaint on July 23, 2008. In their live pleading, the Second Amended Complaint, filed November 25, 2008 ("Complaint"), they allege claims of age and sex discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Labor Code against Defendant The Dallas Morning News, Inc. d/b/a The Dallas Morning News ("Defendant" or "TDMN").

While many facts are contested, the court sets forth those facts for which there is no dispute. Houchen and Conway were employed by TDMN in its call center in May 2008. Houchen had begun working for TDMN in 1980 as a telephone sales representative; she worked in the call center until May 2, 2008. Conway was hired by TDMN in 1999 as a telephone sales representative and held that position until May 2, 2008. Both Plaintiffs are women; Houchen was forty-seven years of age when she was terminated, and Conway was fifty-seven.

The parties agree that TDMN decided to restructure its call center and change its focus from inbound calls to outbound calls. This involved a complete restructure to the call center. In March 2008, all employees who were then working in the call center were terminated effective May 2, 2008, but were permitted to pursue positions in the restructured call center. Those employees seeking jobs in the new call center were required to attend a mandatory outbound training program. Although both Plaintiffs participated in the outbound training program, neither was hired in the restructured call center. The parties disagree as to most of the remaining facts, including how Plaintiffs performed in the outbound calling training, why they were not offered jobs in the new call center, and who applied for and received jobs in the new call center.

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary"

**Memorandum Opinion and Order – Page 3**

will not be considered by a court in ruling on a summary judgment motion.  *Id*.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

## III.    Analysis

Defendant moves for summary judgment on all of Plaintiffs' claims.  It contends that Plaintiffs are precluded from asserting age discrimination claims in light of *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), because they have brought claims based on age and sex discrimination and *Gross* requires that age discrimination be the sole reason for their termination. Defendant argues that Plaintiffs cannot establish a *prima facie* case of either age or gender discrimination.  TDMN also argues that it had legitimate, nondiscriminatory reasons for eliminating Plaintiffs' positions and for failing to rehire them.  Defendant contends that neither Plaintiff can show pretext or that her age or gender was a motivating factor in any employment decision.  Finally, Defendant argues that it would have made the same employment decisions regardless of any alleged discriminatory motive.

Plaintiffs respond that their evidence establishes a *prima facie* case of both age and sex discrimination.  They contend that Defendant does not have a legitimate, nondiscriminatory reason for its employment decisions because the reasons given for Plaintiffs' termination were too vague. They also argue that their evidence raises issues regarding the falsity of Defendants' stated reasons for termination and whether age or sex was a but-for cause or motivating factor in the termination of their employment.  Finally, Plaintiffs dispute that they would have been terminated independent of their age and sex.

### A.    Effect of *Gross* on Plaintiffs' Age Discrimination Claims

Defendant argues that Plaintiffs are precluded from asserting age discrimination claims because they have brought claims of both age and sex discrimination. It contends that this is an admission that the discrimination was not based solely on age and that their age discrimination claims therefore fail in light of *Gross*, which held that age discrimination must be the "but-for" cause of the employment decision. 129 S. Ct. at 2352.

Plaintiffs respond that they may assert alternative theories of discrimination. They also argue that *Gross* does not preclude bringing age and sex discrimination claims together. They disagree that their pleading is a concession that their terminations were not based solely on age. They also contend that they can allege a mixed-motives age discrimination claim pursuant to the Texas Labor Code.

The court agrees with Plaintiffs. They are entitled to plead alternative theories, even if they are inconsistent. Fed. R. Civ. P. 8(d)(3). While issues of proof may prevent Plaintiffs from prevailing on both theories, the court does not find the mere fact of pleading sex and age discrimination claims together a basis for dismissing the age discrimination claims. Moreover, *Gross* simply states that it is improper for a court to submit a mixed-motives instruction to the jury in an ADEA case. Finally, to the extent the legal standard is different under the Texas Labor Code, there is no inconsistency with Plaintiffs' state age discrimination claims.

### B.    Adverse Employment Actions

Before reaching the merits of Plaintiffs' sex and age discrimination claims, which the court will address separately due to the differing legal standards applicable to those claims, it considers the general issue of whether the facts in this case represent a single act of alleged discrimination or

two separate allegedly discriminatory acts. Defendant clearly distinguishes between its decision to terminate Plaintiffs' employment when it decided to restructure its call center. It contends that all positions were eliminated at that time and the decision to terminate Plaintiffs' employment was part of the decision to eliminate the old call center. It argues that this is a separate employment decision from its decision not to rehire Plaintiffs in the new call center. Plaintiffs often separate the two employment decisions but also conflate them at times. They compare the age and gender makeup of the old call center and compare it to the new call center.

The court finds that Defendant took two separate employment actions: (1) the termination of all positions in the old call center, and (2) the hiring of individuals for the new positions in the new call center. Plaintiffs were therefore subject to two actions, their termination and Defendants' decision not to rehire them. Not all employees employed in the old call center chose to apply for new positions and the new positions were filled with both former employees and new applicants. Accordingly, it will consider Plaintiffs' claims with respect to both the termination of their former positions and Defendant's decision not to hire them for new positions in the new call center.

## C.    ADEA Claim[*]

### 1.    Legal Standard under the ADEA

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

---

[*]The court will consider Plaintiffs' state law age discrimination claim separately because of the differences between the statutes and the question of the effect of *Gross* on their age claims brought pursuant to the Texas Labor Code. Defendant also argues in its response that Plaintiffs have abandoned their ADEA claim in light of a comment on page 9 of their brief in response to the motion for summary judgment. Despite one comment on that page, it is clear to the court that Plaintiffs continue to assert claims under the ADEA and that they have not abandoned them.

**Memorandum Opinion and Order – Page 6**

To establish a *prima facie* case of employment discrimination under the ADEA for discharge, Plaintiff must prove that: "(1) [she] was discharged; (2) [she] was qualified for the position; (3) [she] was within the protected class at the time of discharge; and (4) [she] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). Once a plaintiff establishes a *prima facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the defendant meets this burden, the plaintiff must establish that the employment action occurred because of intentional age discrimination. *Machinchick*, 398 F.3d at 350. This means that a plaintiff bringing a disparate-treatment claim under the ADEA must prove "that age was the but-for cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009) (internal quotation marks omitted).

### 2.    *Prima Facie* Case of Discrimination

#### a.    Termination

Defendant contends that neither Houchen nor Conway can establish a *prima facie* case of age discrimination for their termination because all positions in the old call center were eliminated and new positions were created and filled for the new call center. Defendants contend that Plaintiffs were not treated any differently than any other employee in the old call center when their old jobs were terminated.

Plaintiffs respond that Defendant complicates the issue by treating the termination and rehire decisions separately. They maintain that the court must consider the entire course of conduct by Defendant leading up to Plaintiffs' termination.

The court disagrees with Plaintiffs and does find that the decisions to terminate and not to rehire are separate employment actions. The record is clear that Defendant decided to restructure the call center. All positions in the old call center were eliminated effective May 2, 2008. Existing employees were offered the opportunity to participate in a training program and to apply for new positions in the restructured call center. At the time of the restructuring, in the old call center, Defendant employed twenty-nine employees; of these, ten participated in the training and eight applied for jobs in the new call center. Two employees who completed the training program elected to take a severance package and decided not to apply for jobs in the new call center.

The court finds that with respect to the termination decision, Plaintiffs have failed to establish a *prima facie* case of discrimination. They cannot show the final element, that they were replaced by someone outside the protected class, that they were replaced by someone younger, or that they were otherwise discharged because of their age. At the same time that Plaintiffs' positions were eliminated, all other existing jobs in the call center were also eliminated. Accordingly, the court finds that Plaintiffs' ADEA claims based upon their discharge do not create a genuine issue of material fact, and Defendant is entitled to judgment as a matter of law on these claims.

### b.    Decision to Rehire

Defendant also argues that neither Plaintiff can establish a *prima facie* case of age discrimination with respect to its decision not to rehire them. The court will consider each Plaintiff's claim separately.

**Memorandum Opinion and Order – Page 8**

### i.     Houchen

Defendant contends that Plaintiff Houchen cannot establish a *prima facie* case of age discrimination with respect to its failure to rehire her because she cannot show that the position she sought remained open or was filled by someone outside the protected class.  It contends that the only position she applied for, Acquisition Supervisor, was never filled.  Defendant states that originally there were two Acquisition Supervisor positions available; it offered one to Christi Thomas, a thirty-seven year old woman, who turned it down.  Defendant contends that it then decided to consolidate the two positions into the Sales Manager position, for which Houchen never applied.  It concludes therefore that she cannot state a *prima facie* case for its failure to rehire her.

Defendant further argues that even if the court considers the Sales Manager position, Houchen still cannot show a *prima facie* case of discrimination because that position was filled by Keith Pullias, a forty-three year old man.  It contends that the slight age difference between Pullias and Houchen is insufficient to satisfy Plaintiff's burden and that she was less qualified than he for the position.

Houchen responds that there is an issue as to whether the decision to eliminate the second of the two positions was pretextual because she had been promised a position.  She also argues that the position was consolidated into a new position that was offered to a younger male.  She contends that she was never told that she could apply for the Sales Manager position.  She argues that although only a few years younger, the other evidence of age bias warrants rejecting Defendant's argument that Pullias was only slightly younger than she when he was hired.  Finally, she contends that her qualifications vis-a-vis Pullias are not relevant to determining whether she has set forth a *prima facie* case of discrimination.

**Memorandum Opinion and Order – Page 9**

The court finds that Plaintiff Houchen has established a *prima facie* case of age discrimination with respect to Defendant's decision not to rehire her. Although the position she applied for, Acquisition Supervisor, was ultimately not filled, Defendant offered the job initially to a younger individual, then combined the two jobs and offered it to a younger man. The evidence establishes that Houchen was never informed that the jobs would be combined and never had an opportunity to apply for the Sales Manager position. The court finds that based on the summary judgment evidence before it, it cannot conclude that Houchen has failed to state a *prima facie* case of age discrimination as a matter of law.

### ii.     Conway

Defendant also argues that Conway cannot establish a *prima facie* case of age discrimination for its decision not to rehire her; it contends that she cannot show that the position she sought was filled by someone outside her protected class. TDMN states that Conway applied for one of the Account Executive positions in the new call center, of which there were eighteen positions available. Of the eighteen Account Executive positions filled, five were filled by women, and seven were filled by employees older than forty.

Conway responds that Defendant cannot separate the decision not to rehire her from the decision to terminate her job in the old call center. She also distinguishes between general classified sales positions and speciality positions; she contends that of the general classified sales positions, all but two of the new hires were younger males. She also contends that there is evidence of discrimination in the form of bias statements.

As noted above, the court does separate the decision to terminate and not to rehire as two separate employment actions. Accordingly, it considers Defendant's decision not to hire Conway

as an Account Executive in the new call center, and the distinctions Plaintiff draws between general and classified positions in the old call center are not relevant to the inquiry of whether she has stated a *prima facie* case for this employment decision.

The parties' dispute is whether Conway has satisfied the fourth element of a *prima facie* case of age discrimination, that is, whether she was replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of her age.  Conway  admits she applied for one job only, and of the eighteen available positions with that title, seven were filled with employees over forty.  Of these seven employees, two were older than Conway, and two were fifty-one, only six years younger than she.  *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) ("In the age-discrimination context, [an inference of discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger.").  She also points to certain remarks that she contends establish age bias.

Plaintiffs point to four comments that they contend establish age bias.  First, they point to a comment by Sevki Inan to a customer who complained about Conway's termination.  Inan stated that he was hiring a team of bright, young individuals to replace her.  Plaintiffs contend that Inan was hired as the Senior Sales Manager of the call center and was responsible for interviewing internal and external candidates for the new call center positions and establishing strategies for the new call center.  The second remark pointed to by Plaintiffs was also by Inan, apparently during the same conversation to a customer.  Plaintiffs contend that Inan falsely characterized Conway's termination as retirement.

The third comment Plaintiffs point to is a comment by Amanda Carruth Wray, who they contend coordinated the restructuring of the call center.  Specifically, they allege that Wray stated that Bradley was hiring a bunch of "college kids."

Finally, Plaintiffs contend that a question by Inan to Houchen during her interview also demonstrates age discrimination.  They allege that Inan asked Houchen why she did not accept a severance package with Defendant after working for it for a long time.

Defendant contends that all the remarks are stray remarks and none is sufficient to raise an inference of age discrimination.  With respect to the comments by Inan, it argues that he was not a decisionmaker and that Bill Bradley was the sole decisionmaker.  It further argues that these statements do not evidence age discrimination without an impermissibly large inference.  TDMN contends that Inan's statement about hiring young and bright individuals was simply a statement of fact.  It further contends that his statement about Conway retiring was in the context of a conversation with a customer and that it was better to state she was retiring than to share that she was not rehired due to performance issues.  With respect to the comment by Wray, it argues that it is hearsay and is not competent summary judgment evidence.  They also point out that Conway herself was taking college courses, which undermines the inference that all people in college must be under the age of forty.  Finally, with respect to the interview question about severance, Defendant argues that an employer's reference to severance benefits or retirement packages does not constitute evidence of age discrimination and that a reference to the length of time an employee has worked for a company does not demonstrate discrimination.

The court must determine if these comments are evidence of age discrimination.  In this circuit, for workplace comments to provide sufficient evidence of discrimination, they must be: "1)

related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (internal quotations and brackets omitted). To determine who is an "individual with authority" in this context, the court looks to "who actually made the decision or caused the decision to be made, not simply to who[m] officially made the decision." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 608 (5th Cir. 2007) (internal quotations and citation omitted). Moreover, "if the evidence indicates that the worker possessed leverage, or exerted influence, over the titular decisionmaker, the worker's discriminatory animus may be attributed to the employer." *Id.* (internal quotations and citation omitted). Statements that may seem to indicate age bias when standing alone, but do not indicate age bias when properly interpreted in the context in which they are made, will not be considered competent evidence of discrimination. *E.E.O.C. v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).

The court considers the four statements in light of this legal standard. It determines that Inan, while not the ultimate decisionmaker, conducted the interviews for the new call center and made recommendations to Bradley. Accordingly, with respect to the decision to hire individuals in the new call center, he was an "individual with authority." Defendant admits that Bradley was the ultimate decisionmaker with respect to hiring decisions in the new call center. Wray worked as the project manager for the restructuring of the call center, and she worked with Bradley to coordinate that project.

The court concludes that it cannot determine, as a matter of law, that these remarks were stray remarks that are not indicative of discriminatory animus. Specifically, it finds that Inan's statement that he was hiring a team of bright, young individuals to replace Conway relates to age, is proximate to the rehire decision, was made by an individual with authority, and relates to the rehire decision. With respect to the statement by Bradley, the court finds that his statement about "college kids" is an admission by a party opponent pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. Similarly, this rule would exempt Wray's statement from the hearsay rule. The court therefore does consider this statement as some evidence of age discrimination. The court also considers Inan's statements to Houchen in her interview. As alleged by Plaintiffs, Inan's comments about severance and length of service were not made when discussing benefits in a discharge situation, but were brought up in an interview for a new and different position, one for which Houchen was ultimately not hired. Accordingly, the court finds that there were three statements that could be considered evidence of discriminatory animus related to age, made by individuals with authority to make decisions, made close together in the time period between the termination of Plaintiffs' original jobs and Defendant's decision not to rehire them. These statements are sufficient to create a genuine issue of material fact whether Conway has established that the decision not to rehire her was due to her age.

In light of this conclusion, the court concludes that Conway has stated a *prima facie* case of age discrimination. Accordingly, it will next consider Defendant's other arguments relating to her ADEA claim.

### 3.       Legitimate, Nondiscriminatory Reasons

The court will next consider Defendant's arguments relating to its alleged legitimate, nondiscriminatory reasons for not rehiring Houchen and Conway.  The court will again consider Plaintiffs' claims separately.

### a.       Houchen

Defendant contends that it did not hire Houchen for the Acquisition Supervisor position because she was not qualified for it.  It argues that this new position in the new call center was significantly different than her old position and required an individual who was adept at outbound calling.  TDMN maintains that Houchen lacked this outbound calling experience; she had never supervised a team that was responsible primarily for outbound calling, she had little experience actually making outbound calls, and she admitted that her greatest weaknesses were coaching and leading an outbound calling team.  Defendant also states that Houchen struggled during the transitional training and that she was resistant to the overall changes it intended to make by restructuring the call center.  Accordingly, Defendant maintains that it concluded that she lacked the skills, experience, and personality to be successful in the position of Acquisition Supervisor and therefore it declined to offer her that position.

Houchen responds that Defendant cannot meet its burden in showing a legitimate, nondiscriminatory reason for not rehiring her because the grounds are too vague.  She contends that she was told that she was not what Defendant wanted and that it has changed its rationale for not hiring her.

The court determines that Defendant has articulated a legitimate, nondiscriminatory reason for not rehiring Houchen.  Although it provides greater detail in its motion for summary judgment

than it did to Houchen when it did not rehire her, she has cited no legal authority to support her contention that Defendant was required to articulate this reason to her. Defendant's burden is one of production only, and the court has carefully reviewed the evidence and finds that this burden has been met. The deposition testimony and affidavits of Bradley, Inan, and Wray demonstrate that Defendant had concerns about Houchen's ability to manage a team making outbound calls and that she admitted that outbound calling had been a weakness for her while working for TDMN. Accordingly, the court finds that Defendant has stated a legitimate, nondiscriminatory reason for not rehiring Houchen.

### b.    Conway

Defendant also contends that it had legitimate, nondiscriminatory reasons for not hiring Conway in the new call center. Specifically, it contends that Conway articulated a fundamental disagreement with the outbound calling strategy, that she lacked enthusiasm and cooperation during the transitional training, that she had behavioral and attitude issues, and that she planned to leave her job in the near future to pursue additional education unrelated to her position at TDMN.

Conway argues, like Houchen, that the reasons articulated by Defendant in its motion to dismiss are inconsistent with what it told her when she was not rehired. Defendant told Conway that she was not a good fit. She contends that this is intolerably vague and fails to meet Defendant's burden under the law.

The court has carefully reviewed the evidence and determines that Defendant has articulated legitimate, nondiscriminatory reasons for not hiring Conway in the new call center. Conway has not provided any legal authority for her contention that the court should consider any discrepancy

between the reasons set forth in Defendant's motion and the reasons articulated to her at the time of the decision. Defendant's burden is not a heavy one, and it has met it in this case.

### 4.    Intentional Age Discrimination

Because the court has found that Defendant articulated a legitimate, nondiscriminatory reason for refusing to rehire Houchen and Conway, it next considers whether Plaintiffs have established a genuine issue of material fact whether Defendant intentionally discriminated against them on the basis of age. Defendant contends that Plaintiffs cannot show that age was a motivating factor in its decisions to not hire them in the new call center. It argues that Plaintiffs acknowledged its reasons for not rehiring them. It also contends neither Houchen nor Conway can show that age was a motivating factor in the decision not to rehire them in the new call center. It argues that there is a strong inference against discrimination and that it would have made the same decision regardless of any discriminatory motive.

Plaintiffs respond that they have raised a genuine issue of material fact whether Defendant's proffered reasons for not rehiring them are pretextual. They contend that Defendant's inconsistent explanations for refusing to hire them show pretext. They also contend that there is other evidence of pretext.

The court need not consider all of the arguments raised by the parties. It has already determined that three statements, made by individuals with authority relating to the rehire decision, made at or around the time the hiring decisions for the new call center were made, at least raise a genuine issue of material fact whether Plaintiffs have stated a *prima facie* case of discrimination on the basis of age. For the same reason, the court determines that Plaintiffs have also raised a fact issue whether Defendant's articulated reasons for not hiring them are pretextual and whether there

is evidence of intentional discrimination.  After *Gross*, Plaintiffs' burden in proving their age discrimination case is more difficult, but the court concludes that there is enough evidence for the age discrimination claims relating to rehire to survive summary judgment.  Accordingly, the court will not grant summary judgment on Plaintiffs' ADEA claims.

> **D.    Title VII and TCHRA Claims**

Plaintiffs allege federal claims of sex discrimination pursuant to Title VII and state claims of sex and age discrimination claims pursuant to the TCHRA.  Because the court finds that the legal standard is the same for these federal and state claims, it considers them together.

> **1.    Legal Standard under Title VII**

To survive a motion for summary judgment, a plaintiff in a Title VII discrimination case must first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).  Once this *prima facie* case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802-04.  If such a showing is made, the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext for intentional discrimination.  *Id.*

The third step of the *McDonnell Douglas* test has been altered by the Supreme Court's decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) (holding that in Title VII cases, the mixed-motives theory of discrimination is available in cases with circumstantial evidence of discrimination).  In light of *Desert Palace*, the Fifth Circuit has modified the final step of *McDonnell Douglas*.  *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005).  In order to survive

**Memorandum Opinion and Order – Page 18**

summary judgment under the modified *McDonnell Douglas* test, at the final step, a plaintiff must offer sufficient evidence to create a genuine issue of fact that either: (1) a defendant's reason is not true, but is instead a pretext for discrimination, or (2) a defendant's reason, though true, is only one of the reasons for its conduct and that another "motivating factor" is the plaintiff's protected characteristic. *Id.*; *see also Smith v. Xerox Corp.*, ___ F.3d ___, 2010 WL 1052837, *4-5 (5th Cir. 2010).

After a Title VII case reaches the pretext stage, the question to be decided for the resolution of a motion for summary judgment is whether a rational factfinder could find that the employer intentionally discriminated against the plaintiff on the basis of sex. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). A "plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 539 U.S. 926 (2003). "Pretext-plus" is not required to support an inference of retaliatory discrimination. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," and may therefore be enough to prevent summary judgment or judgment as a matter of law. *See Reeves*, 530 U.S. at 148; *Sandstad*, 309 F.3d at 897. This showing, however, is not always enough to prevent summary judgment "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148. On the other

hand, in the context of an unlawful discrimination or retaliation claim, summary judgment is inappropriate "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [sex] was a determinative factor in the actions of which plaintiff complains." *Vadie v. Mississippi State Univ*., 218 F.3d 365, 373 n. 23 (5th Cir.), *reh'g denied*, 232 F.3d 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1113 (2001) (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996)) (en banc).

**2.      Standard for State Discrimination Claims**

This circuit has held that the law governing claims under the Texas Commission of Human Rights Act, Tex. Labor Code § 21.001 *et seq*. ("TCHRA"), and Title VII is identical. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999). Plaintiffs argue that their state age discrimination claims should be held to the same standard and that the holding in *Gross* should not apply to their state age discrimination claims.

The only Texas court to have addressed this issue after *Gross* considered a claim brought pursuant to the ADEA, not the TCHRA. *Cory v. Brady Indep. School Dist*., ___ S.W.3d ___, 2009 WL 2837629, (Tex. App. – Austin Aug. 31, 2009, no pet.). It held in dicta, however, that the fact that it was a federal, not state, claim was irrelevant: "[T]here should be no practical distinction in our analysis here, as we turn to analogous federal law for guidance in claims under the TCHRA." *Id*. at *1 n.1 (citing *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)). The court disagrees and finds that the standards for the ADEA set forth in *Gross* do not apply to a Texas age discrimination brought under the TCHRA because of the statutory differences between the ADEA and the TCHRA.

In *Gross*, Court held that there is a different legal standard to be applied for cases brought under the ADEA and for those brought under Title VII. In reaching this conclusion, the Court paid careful attention to the differences in the statutory language between the two. It noted: "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross*, 129 S. Ct. at 2349. While a "stated purpose [of the TCHRA] is to coordinate and conform with federal law under Title VII . . . and the [ADEA]," the Texas Supreme Court also held that "Texas courts may consider how the federal act is implemented under *clauses similar to those at issue in the Texas act*." *Caballero v. Central Power and Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993) (emphasis added) (citations and quotations omitted).

Unlike federal law – which includes separate statutes for discrimination on the basis of race, color, religion, sex, or national origin, Title VII, and for discrimination on the basis of age, the ADEA – the Texas statute is singular and applies to discrimination on the basis of race, color, disability, religion, sex, national origin, or age. *See* Tex. Labor Code § 21.051. Moreover, the Texas statute states that "an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability was *a motivating factor* for an employment practice, *even if other factors also motivated the practice* . . . ." Tex. Labor Code § 21.125 (emphasis added). In light of the differences between the TCHRA and the ADEA, the court concludes that the requirement under *Gross* that age be the "but-for" cause of the adverse employment action does not apply to an age discrimination claim brought under the TCHRA. The court will therefore analyze Plaintiffs' state discrimination claims in light of the standards of Title VII.

**Memorandum Opinion and Order – Page 21**

### 3.    *Prima Facie* Case of Discrimination

To establish a *prima facie* case of sex discrimination under Title VII, each Plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citations omitted). The elements of a *prima facie* case are identical for a claim of age or sex discrimination under the TCHRA. *Shackelford*, 190 F.3d at 404 n.2. The court will consider Defendant's decision to terminate and not to rehire each Plaintiff separately.

#### a.    Termination

As with Plaintiffs' ADEA claims, the court determines that they cannot show a *prima facie* case of age or sex discrimination with respect to Defendant's decision to terminate their employment. Each Plaintiff worked for the old call center and, at the time they were discharged, every position was eliminated and therefore every employee was discharged. The court therefore concludes that Plaintiffs cannot show that others outside the protected classes were treated more favorably than they. Accordingly, there is no genuine issue of material fact with respect to Plaintiffs' Title VII sex discrimination claims or state age and sex discrimination claims with respect to their termination, and Defendant is entitled to judgment as a matter of law on these claims.

#### b.    Rehire Decision

##### i.    Houchen

The court has already determined that Houchen has stated a *prima facie* case of age discrimination with respect to Defendant's decision not to rehire her and to instead hire Pullias as the Sales Manager, and it reaches the same conclusion with respect to her state law claim for age

discrimination.  The court finds that her sex discrimination claims are a closer case because Defendant initially hired another woman for the Acquisition Supervisor job for which Houchen applied.  Defendant ultimately hired Pullias, a man, for the Sales Manager position.  Given Houchen's evidence regarding her lack of knowledge about Defendant's decision to combine the jobs and her inability to apply for the Sales Manager position, because that job was given to a man, the court concludes that she has also stated a *prima facie* case of sex discrimination under Title VII and the TCHRA with respect to this claim as well.

### ii.     Conway

The court has determined that Conway states a *prima facie* case of age discrimination under the ADEA with respect to Defendant's decision not to rehire her; for the same reasons, the court concludes that she has also stated a *prima facie* case of age discrimination pursuant to the TCHRA. As with Houchen, whether she has stated a *prima facie* case of sex discrimination is a closer question.

With respect to Defendant's decision not to rehire Conway, it contends that of the eighteen available Account Executive positions, five were filled by female candidates.  It therefore argues that she cannot show the fourth element of a *prima facie* case of sex discrimination.  Conway responds that all but two of the general positions were filled by younger men and that there are statements of bias or animus.

The court notes first that all the discriminatory statements alleged by Plaintiffs go to age discrimination, not sex.  With respect to Conway's contention that most of the "general" positions were filled by younger men, the court notes that she is comparing jobs in the old call center (general versus classified sales), with the position of Account Executive in the new call center, for which she

applied. Comparisons of the gender make-up of jobs in the old versus new call centers are irrelevant to the question of whether Defendant discriminated in filling the Account Executive job in the new call center. Conway can point to no relevant evidence of sex discrimination in Defendant's hiring decisions with respect to the Account Executive job in the new call center. For this reason, and given that nearly a third of the Account Executive positions were filled by women, the court concludes that Conway cannot meet the fourth requirement for a *prima facie* case of discrimination with respect to her claim of sex discrimination under either Title VII or the TCHRA. Accordingly, there is no genuine issue of material fact regarding Conway's sex discrimination claims, and therefore Defendant is entitled to judgment as a matter of law on these claims.

### 4.    Legitimate, Nondiscriminatory Reasons

Houchen has stated a *prima facie* case of sex discrimination pursuant to Title VII, and both Plaintiffs have stated a *prima facie* case of age discrimination pursuant to the TCHRA. Accordingly, the court must then consider whether Defendant has articulated a legitimate, nondiscriminatory reason for its decision not to hire Houchen or Conway in the new call center. As discussed above in the context of their ADEA claims, the court concludes that Defendant has articulated such reasons with respect to its decision not to rehire Plaintiffs in the new call center.

### 5.    Intentional Discrimination

The court must then consider whether Houchen or Conway have produced any competent summary judgment evidence to establish that Defendant's reason for not hiring them was pretextual, that sex or age was a motivating factor in Defendant's decision, or if there is evidence of intentional discrimination on the basis of sex or age. TDMN contends that Plaintiffs admit and acknowledge its reasons for not hiring them in the new call center, that they cannot show that her sex or age was

a motivating factor in its decisions, that there is a strong inference against discrimination, and that it would have made the same decisions regardless of any discriminatory motive.

Plaintiffs contend that there is evidence of pretext and that Defendant's arguments about mixed motive are incorrect. They also points to four specific pieces of evidence that they contend show pretext and argue that Defendant's inconsistency with respect to its reason for their termination and failure to be rehired also show pretext.

### a.    TCHRA Age Discrimination Claims

The court has already found that summary judgment is not warranted on Plaintiffs' ADEA claims relating to rehire because of statements that could show age discrimination. For the same reasons, the court concludes that Plaintiffs have presented sufficient evidence to prevent summary judgment on their state age discrimination claims.

### b.    Title VII and TCHRA Sex Discrimination Claims

The court then must consider whether there is sufficient evidence to support Houchen's burden on her Title VII and TCHRA sex discrimination claims relating to Defendant's decision not to rehire her. The court considers first Houchen's argument regarding Defendant's inconsistency. The court does not find that Defendant was inconsistent. It regards the decision to terminate and not to rehire as two separate employment actions. Moreover, Defendant's statements to Houchen at the time she was not rehired are not inconsistent with the reasons stated in its motion for summary judgment.

Next, the court considers the four specific pieces of evidence Houchen contends show pretext. First, she contends that she was promised a position in the new call center. As Defendant

points out, she also admits that the statement was made by Wray, who did not have authority to hire her, and that she did not rely on the statement.

Second, she contends that she was not actually evaluated because she and Thomas monitored the calls made by sales representatives and Defendant never received the evaluation forms. Defendant has presented other evidence of evaluations of Houchen from the transition training. Even if the court were to accept this statement by Plaintiff, it does not evidence sex discrimination in any way.

Third, Plaintiff argues that Defendant hired "almost exclusively younger male employees" to replace the other female employees terminated in March 2008. As stated before, Conway's argument conflates the positions in the old and new call centers. The court has considered the evidence and finds that several women were hired in the new call center, including five of the eight women who had worked in the old call center. This statement is also not specific with respect to the job applied for by Houchen.

Finally, Houchen argues that Sandi Scott, a human resources representative, never discussed any issue of discrimination with Defendant's representatives who made the selection decisions. The court does not find that this fact demonstrates that sex was a motivating factor in Defendant's decision or that Defendant's articulated reasons not to hire Houchen were pretextual. It is clear from Scott's deposition testimony that she did not play any role in actually deciding who was hired in the new call center.

Houchen also generally points to the four statements already considered by the court as evidence of discriminatory animus. While these statements are sufficient to raise questions about

age discrimination, none of the statements refers to sex or gender.  Accordingly, these statements are not evidence to support her claim of sex discrimination.

There is not sufficient evidence of sex discrimination produced by Houchen.  The court therefore finds that she has failed to produce evidence to show a genuine issue of material fact with respect to her sex discrimination claims under Title VII or TCHRA.  Defendant is therefore entitled to judgment as a matter of law on Houchen's Title VII and TCHRA sex discrimination claims.

## IV.    Objections to Summary Judgment Evidence

Defendant objects to the Houchen Declaration included in Plaintiffs' appendix in response to the motion for summary judgment.  It contends that she has attempted to create fact issues by making statements that conflict with her deposition testimony, and that the affidavit contains numerous hearsay, conclusory, and speculative statements.

The court has not relied on Houchen's Declaration to deny Defendant's motion with respect to the claims remaining for trial.  Accordingly, the court **overrules as moot** Defendant's Objections to Evidence in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment.

## V.    Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Defendant[']s Motion for Summary Judgment, and **overrules as moot** Defendant's Objections to Evidence in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment.  The court **dismisses with prejudice** the following claims:  Plaintiffs' ADEA age discrimination claims relating to termination; Plaintiffs' TCHRA age discrimination claims relating to termination; Plaintiffs' Title VII sex discrimination claims relating to termination; Plaintiffs' TCHRA sex discrimination claims relating to termination; Plaintiffs' Title VII sex discrimination claim relating to rehire; and Plaintiffs'

TCHRA sex discrimination claim relating to rehire.  Remaining for trial are Plaintiffs' ADEA and TCHRA age discrimination claims relating to rehire.  The court will issue a new scheduling order for this case.

      **It is so ordered** this 1st day of April, 2010.

                                          Sam A. Lindsay
                                          United States District Judge